*392*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**

**OCT 27 1995**

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| FRANKLIN RODRIGUEZ DELGADO, et al., | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-94-1337 |
| v. | § § | Consolidated with: H-94-1359 H-95-1356 H-95-1407 |
| SHELL OIL COMPANY, et al., | § § | |
| Defendants. | § | |

## ORDER

The third-party claims against AMVAC Chemical Corporation are **DISMISSED without prejudice** to the rights of defendants to proceed against AMVAC in a court in the United States for contribution and indemnity should plaintiffs in any of these actions obtain a judgment against defendants in any foreign forum.

Plaintiffs' Motion for Reconsideration of Subject Matter Jurisdiction (Docket Entry No. 361) is **DENIED**. The court has subject matter jurisdiction under the FSIA, 28 U.S.C. § 1603(b), because at the time of the events giving rise to the claims in these actions a majority of the stock of Dead Sea Bromine Company, Ltd., was owned indirectly by Israel.

Defendants and third- and fourth-party defendants have filed Amended Agreements Regarding Conditions of Dismissal for Forum Non Conveniens in response to the court's October 6, 1995,

order. The court concludes that the Amended Agreements satisfy the conditions of the court's July 11, 1995, memorandum and order and the court's August 22, 1995, and October 6, 1995, orders for <u>forum non conveniens</u> dismissal of these actions.

In its July 11, 1995, memorandum and order the court deferred ruling on defendants' request that plaintiffs be permanently enjoined from commencing any new DBCP-related cases until after the parties had supplemented their briefing on this issue. Since then both plaintiffs and defendants have filed additional statements and briefs addressing the issue. In their Statement of Position (Docket Entry No. 324) plaintiffs express concern that the court's June 19, 1995, preliminary injunction and July 11, 1995, memorandum and order were broad enough to prevent counsel for plaintiffs in these actions from filing DBCP-related cases on behalf of persons who have never been a plaintiff or intervenor plaintiff in any of the six consolidated actions addressed in the court's July 11, 1995, memorandum and order. The court did not intend such a broad reading of its orders. It was the court's intent only to enjoin plaintiffs (and intervenor plaintiffs) in the actions before the court from filing a DBCP-related action in any other court in the United States and to enjoin the counsel for plaintiffs (and intervenor plaintiffs) in these actions from filing a DBCP-related action in any court in the United States on behalf of any plaintiff or intervenor plaintiff in the actions before this court. The court did not enjoin any potential plaintiff not before it from

filing a DBCP-related claim in a court in the United States and did not enjoin counsel for the plaintiffs and intervenor plaintiffs from representing any person, not a party in the actions pending before the court, in a DBCP-related claim in a court in the United States.

In their responses to plaintiffs' statement defendants urge the court to permanently enjoin plaintiffs' counsel from commencing further litigation in the United States involving DBCP-related claims of foreign workers whether or not the workers are a plaintiff (or intervenor plaintiff) in any of the actions before this court. Defendants argue that the <u>forum non conveniens</u> analysis in any new actions would likely result in their dismissal and that allowing such actions would undermine the integrity of this court's rulings. Although the court appreciates the desire of defendants to avoid relitigating the <u>forum non conveniens</u> issue in other courts in the United States, the court is not persuaded that this burden justifies the relief sought by defendants. If, as plaintiffs argue, other courts in the United States employ a different <u>forum non conveniens</u> analysis, or do not recognize the defense at all, the court sees no reason why its ruling should preclude non-parties in this action or their lawyers from seeking relief in such a forum.

Because the court remains convinced that to allow plain-tiffs (and intervenor plaintiffs) in the actions before the court to refile a DBCP claim in any court of the United States would render this court's orders and final judgment a nullity,

-3-

would result in an abuse of and harm to the legal system, and would needlessly burden defendants and the courts in which such actions were filed, the court will permanently enjoin any refilings by plaintiffs, intervenors, and their counsel. Since plaintiffs' counsel have repeatedly stated that they "will not refile[] the claims of any workers whose cases were dismissed on forum non conveniens grounds by this Court (or whose cases were remanded) in any state or federal court," plaintiffs and their counsel should have no objection to such injunctive relief.[1]

**SIGNED** at Houston, Texas, on this 27th day of October, 1995.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' Reply Brief Concerning Defendants' Motion for Injunction (Docket Entry No. 336 at p. 1).